# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GEORGE CARTER,

        Petitioner,

v.                                                CIVIL ACTION NO. 3:04CV66
                                                (Judge Broadwater)

EDWARD RUDLOFF, Administrator,

        Respondent.

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

## I. INTRODUCTION

On August 4, 2004, the *pro se* petitioner, George Carter ["Carter"] filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. By Order entered on August 18, 2004, the Court Ordered the respondent to answer the petition. On September 17, 2004, the respondent filed a Motion to Dismiss.

This matter is pending before me for initial review and report and recommendation pursuant to the August 6, 2004 Order of Referral issued by the Honorable W. Craig Broadwater.

## II. FACTS

### A. State Proceedings

On March 17, 2003, the petitioner was charged by criminal complaint issued by the Magistrate Court of Jefferson County of third offense driving on a suspended license in violation of W. Va. Code § 17B-4-3(a). The petitioner requested appointment of counsel and such request was denied. On March 19, 2004, after a bench trial, the petitioner was found guilty of third offense driving on a suspended license. By Order dated April 19, 2004, the circuit court sentenced the

petitioner to 6 months imprisonment.

Thereafter, on May 3, 2004, the petitioner submitted a typed letter indicating his intent to appeal his conviction. However, on June 24, 2004, the Circuit Clerk of Jefferson County interpreted the petitioner's letter as a notice of intent to file a State Habeas Corpus Proceeding and sent him forms to file a habeas action. In the meantime, on May 20, 2004, the petitioner sent a copy of the letter he filed with the Circuit Clerk of Jefferson County to the West Virginia Supreme Court of Appeals. The Supreme Court docketed the letter on June 1, 2004, as a Petition for Writ of Mandamus.

Then, on July 8, 2004, the petitioner filed a state habeas petition in the Circuit Court of Jefferson County in which he raised the following grounds for relief:

(1) No jury trial.

(2) No lawyer.

(3) Evidence used to convict wasn't from testimony of officer. Petitioner was not provided with a transcript of his trial.

By order entered on August 30, 2004, the court re-sentenced the petitioner to 6 months and informed him of his right to perfect an appeal. The circuit court also appointed counsel to assist the petitioner with his appeal and withdrew the petitioner's state habeas petition from the active docket.

## C. Federal Petition for Habeas Corpus

### Petitioner's Contentions

(1) He could not afford a lawyer and one was not appointed for him.

(2) He was denied a jury trial.

(3) He received no appeal.

(4) He did not receive any transcripts to perfect an appeal.

**Respondent's Contentions**

(1) The petitioner failed to present his claims regarding his denial of a direct appeal to the state's highest court.

(2) The petitioner failed to exhaust his claim that the circuit court denied him his federal constitutional right to a jury trial and his federal right to counsel.

### III. ANALYSIS

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. 28 U.S.C. § 2254.[1] To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v.

---

[1] 28 U.S. C. §2254(b)(1) provides that:

an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is either an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Reese, 541 U.S. 27, 32 (2004). See also Howell v. Mississippi, 125 S. Ct. 856, 859 (2005).

The exhaustion of state remedies in accomplished by the petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995) and Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D. W. Va. 1993). A federal court may only consider those issues the petitioner presented to the state court. Picard v. Connor, 404 U.S. 270 (1971).

The petitioner has not filed a direct appeal. Thus, he has not presented his grounds to the state's highest court, the West Virginia Supreme Court of Appeals. Therefore, the petition should be dismissed without prejudice because the petitioner failed to exhaust his state judicial remedies.

## IV. **RECOMMENDATION**

It is recommended that the respondent's motion to dismiss be GRANTED and that the petitioner's § 2254 petition be DENIED and DISMISSED WITHOUT PREJUDICE for failure to exhaust his state judicial remedies.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: July 25, 2005

/s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**